JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jill Gerome

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Chris Manno & Josh Ganz- Duffy North
104 N. York Road, Hatboro, PA (215 675 7300)

## DEFENDANTS

Weis Markets

County of Residence of First Listed Defendant: Northumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII of Civil Rights Act of 1964; Pennsylvania Human Relations Act

Brief description of cause:
Discrimination and Hostile Work Environment under Title VII and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 9/24/26 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jill Gerome | : | CIVIL ACTION |
| v. | : | |
| Weis Markets | : | NO. 2:26-cv-7381 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 09/24/2026 | Christopher Manno | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 675 7300 | | cmanno@duffynorth.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Montgomery County, PA

***RELATED CASE IF ANY:*** Case Number:______________ Judge:______________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILL GEROME<br><br>Plaintiff,<br>v.<br><br>WEIS MARKETS<br><br>Defendant. | : | CIVIL ACTION<br><br>NO: 26-7381<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff, Jill Gerome, by and through her undersigned counsel, through this Complaint hereby alleges against Defendant Weis Markets (hereafter referred to as "Defendant") the following:

## I. INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

2. This action arises under Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000 and the Pennsylvania Human Relation Act, as amended, 43 P.S. § 951 ("PHRA"). The claims are brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination based on her sex.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331 and Title VII which provides original jurisdiction of Plaintiff's claims arising under the laws of the

United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act.

5. The venue of this Court is invoked pursuant to Title 28 U.S.C. §1391(c). The events complained of herein occurred exclusively in Montgomery County, Pennsylvania at Defendant's location in Huntingdon Valley, Pennsylvania.

## III. PARTIES

6. Plaintiff, Jill Gerome, is an adult individual and citizen of the State of Pennsylvania who resides therein at 16 Township Line Road, Unit D1, Elkins Park, PA 19027.

7. At all times material hereto, Plaintiff was a resident and citizen of the Commonwealth of Pennsylvania.

8. Defendant Weis Markets is a Pennsylvania Corporation with a registered address of 1000 South Second Street, Sunbury PA 17801-0471.

9. At the time of Defendant's Title VII and PHRA violations, Plaintiff Jill Gerome was employed by Defendant Weis Markets

10. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

11. At all times relevant hereto, Defendant was an employer as defined under Title VII and the PHRA and is subject to the provisions of each Act.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On March 4, 2025, Plaintiff timely filed a complaint against Defendant with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission alleging discrimination on the basis of her sex.

13. On June 30, 2026, the Equal Employment Opportunity Commission sent Plaintiff a Right to Sue letter.

14. This action is being commenced within ninety (90) days of Plaintiff receiving the Right to Sue letter.

15. Plaintiff also received a case closure notification from the Pennsylvania Human Relations Commission.

16. Therefore, Plaintiff has exhausted all administrative prerequisites to bring the foregoing action.

## V. STATEMENT OF CLAIMS

17. Plaintiff was employed by the Defendant as a receiver from 2021 until her discharge in September 2024 at Defendant's grocery store in Huntingdon Valley, Pennsylvania.

18. Plaintiff was a full-time employee and consistently worked more than forty (40) hours per week. Plaintiff also occasionally worked overtime.

19. Throughout her tenure with the Defendant, Plaintiff performed her job functions in a dutiful and competent manner.

20. Starting in the spring of 2024, male co-workers began sexually harassing Plaintiff.

21. The sexual harassment started in the form of inappropriate and graphic text messages from a male co-worker, Ross (LNU).

22. After receiving the text messages, Plaintiff spoke with Defendant's Store Manager and her direct supervisor, Bob Cooper, and the text messages from Ross stopped.

23. During the summer of 2024, the sexual harassment progressed to inappropriate comments and non-consensual touching.

24. Specifically, a co-worker, Randy (LNU), began making sexually charged comments to Plaintiff and would slap her buttocks.

25. Randy was the Seafood Manager at Defendant's store in Huntingdon Valley.

26. The sexually charged comments would include comments like " I like your butt" and "You have a nice chest".

27. Randy would also touch her face and hair without Plaintiff's consent.

28. The inappropriate comments and non-consensual touching occurred on a daily basis.

29. Plaintiff made several complaints about Randy's behavior to her supervisor, Mr. Cooper, but Randy's behavior continued.

30. Due to Randy's aggressive behavior, Plaintiff began to seriously fear for her safety especially since Defendant was not taking any measures to alleviate Plaintiff's concerns.

31. Plaintiff continued raising complaints to Mr. Cooper and warned that if Defendant did not take action to protect her, she would have no other option except to resign.

32. During her shift on September 12, 2024, Plaintiff was again the victim of nonconsensual touching when Randy rubbed his fingers across Plaintiff's face after he had just handled fish in the seafood department.

33. After enduring frequent sexual harassment throughout the summer of 2024 and into September 2024 and having her complaints continually ignored by Defendant, Plaintiff decided to resign from her employment after the incident on September 12, 2024.

34. As the sexual harassment continued up to her resignation date, Plaintiff felt as though she had no other option except to resign.

35. Plaintiff believes and therefor avers that Defendant subjected her to discrimination and a hostile work environment on the basis of her sex by failing to address her complaints ultimately leading to her constructive discharge.

36. As a result of Defendant's unlawful discrimination, Plaintiff has suffered mental anguish and embarrassment and has lost wages and other employee benefits.

## COUNT I-
## TITLE VII DISCRIMINATION & HOSTILE WORK ENVIRONMENT

37. Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as if fully set forth at length herein.

38. As stated above, Plaintiff was subjected to unwelcome, offensive and harassing discriminatory conduct during her employment with Weis Markets on the basis of her sex in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

39. Starting in the spring of 2024, Plaintiff was sexually harassed by her co-worker Ross through inappropriate and graphic text messages which stopped after Plaintiff reported it to her supervisor, Mr. Cooper.

40. In the summer of 2024, another co-worker, Randy, escalated the harassment by making sexually charged comments and non-consensually touching Plaintiff, including slapping her buttocks and touching her face and hair.

41. Randy's harassment occurred on a daily basis and was severe and pervasive. It included repeated unwanted physical contact of a sexual nature.

42. The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

43. Plaintiff repeatedly complained to Mr. Cooper about Randy's behavior, but the harassment continued, causing Plaintiff to fear for her safety.

44. Defendant therefore had actual knowledge of the harassment.

45. Despite that knowledge, Defendant failed to take prompt and appropriate remedial action reasonably calculated to end the harassment and it continued.

46. Plaintiff warned Mr. Cooper that if Defendant did not take action to protect her, she would have no option other than to resign.

47. On September 12, 2024, Randy again touched Plaintiff without her consent by rubbing his fingers, which he had just used to handle fish, across Plaintiff's face.

48. By knowingly permitting the harassment to continue after Plaintiff's repeated complaints and her express warning that she would be forced to resign, Defendant made Plaintiff's working conditions so intolerable that a reasonable person in her position would have felt compelled to resign.

49. As a direct result of these intolerable conditions and Defendant's failure to act, Plaintiff was compelled to resign on September 12, 2024, which constitutes a constructive discharge because of her sex, in violation of Title VII.

50. Plaintiff believes and therefore alleges that Defendant discriminated against her on the basis of her sex, subjected her to a hostile work environment, and constructively discharged her in violation of Title VII of the Civil Rights Act of 1964.

51. As a direct and proximate result of Defendant's willful discrimination, Plaintiff has suffered humiliation and emotional distress as well as a loss of potential earnings, plus the value of the employment benefits, plus loss of future earning power, back pay, front pay and interest due thereon.

52. Defendant's conduct as described above was willful, wanton and malicious and Plaintiff is therefore entitled to punitive damages.

**COUNT II-**
**PHRA DISCRIMINATION**

53. Plaintiff incorporates by reference Paragraphs 1 through 52 of this complaint as if set forth herein at length.

54. Defendant Weis Markets subjected Plaintiff to discrimination and a hostile work environment based upon her sex, as detailed above in violation of the Pennsylvania Human Relations Act.

55. Defendant knew of the sexual harassment and failed to take prompt remedial action.

56. Defendant thereby knowingly permitted working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

57. Plaintiff was compelled to resign on September 12, 2024. That resignation constitutes a constructive discharge because of her sex, in violation of the PHRA.

58. As a result of Defendant's conduct in violation of the Pennsylvania Human Relations Act, Plaintiff suffered severe emotional distress, embarrassment, humiliation and mental anguish.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, loss of employment and other non-pecuniary losses as allowable.

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law:

(d) The Court award such other relief as is deemed just and proper.

Plaintiff demands trial by jury.

Duffy North

By: /s/ Christopher Manno

Christopher Manno, Esquire
I.D. # 326192
Joshua S. Ganz, Esquire
I.D.# 85838
104 N. York Road
Hatboro, PA 19040
(215)675-7300
Attorneys for Plaintiff